Brinkerhoff, J.
The only question in this case, which, in the view we take of it, it is necessary for us to pass upon, is this: *What is the legal effect of the concluding portion of the de *36 scription of the premises in the deed of Samuel Newell and wife to-Jacob Wheeler, under which the city of Cincinnati, plaintiff in error, claims title? These are words of exception and reservation following after a general description which embraces the part excepted and reserved, and followed by a designation of quantity, which also embraces the part excepted and reserved.
The words of exception and reservation are these:
“ Excepting and reserving a thirty-three feet street, in the north. or upper side of the southern line of said lot, for the use of the public, in lieu of a two-pole street, north of lots 9 and 10, formerly owned by Stephen Whéeler and John S. Gano, agreeably to-the plat of land as sold by Ethan Stone, containing three rods’and twenty-eight polds.”
Counsel have argued elaborately on the legal effect of words of' exception and words of reservation, respectively, and the distinctive-effect of each. But with these questions, we think we have really nothing to do in the present case. If Newell and wife, in their deed, had excepted and reserved a thirty-three feet strip of land, or-a thirty-three feet strip of ground, or simply thirty-three feet from off the premises described, or had used any other terms of like import, we have no doubt that the words “ excepting and reserving ” would have been amply sufficient to retain in themselves' whatever-title they had to the part thus reserved. But this, we think, they failed to do. They excepted and reserved no land, no ground, and-nothing legally equivalent to their former estate in any portion of the premises comprehended in the preceding general description. Whatever they did not except and reserve out of what was included in their general description, they conveyed. Now, looking at the distinct and natural import of the words they have employed, what did they not convey? — or, in other words, what did they except and reserve ? The answer is, in their own words — “ a thirty-three feet street,” “for the use of the public,” and “in lieu of” a certain other street then existing, and which has never been vacated, but has since been widened and improved. For themselves, in j)articular, these grantors excepted and reserved nothing; but *“for the use of the public ” they reserved a street in a place where no street then was, or has since been, and in lieu of another street, then and still existing. This, it seems clear to us, was but the-exception in favor of the public — should the public ever desire it — of an easement in, or right of way over, the thirty-three feet mentioned *37 in the reserving clause, and to be exercised on the vacating of the two-pole street. Subject alone to this easement, all else was conveyed ; and the title, in fee simple, to the whole premises, as far as Samuel Newell could convey it, passed to his grantee; and, by intermediate conveyances, vested in the city of Cincinnati. And as no one has ever demanded this thirty-three feet of ground for a street; as the public, for whose use the exception was made, has never taken measures to establish a street there; and as the “ two-pole street,” in lieu of which the right to the new street was reserved, was never vacated or abandoned, the defendant in error has not, and the plaintiff in error has, a right to the possession of that part of the whole premises of which Samuel Newell was the owner.
We are strengthened in this conclusion by the facts that while the general description is by courses and distances — affording some presumption at least of a recent survey — both that general descrip- and the quantity of land designated, include the thirty-three feet in question, and by the consideration that if the grantor had intended to except and reserve the land, it would have been so easy for him to say so in terms at once brief and explicit; and we are further confirmed in it by the rule that “ a deed shall be construed most strongly against the grantors.”
Samuel Newell, however, had title to but four-fifths of the premises described in the deed, his wife being the owner, in her own right, of the remaining fifth; and as she joined only in the testatum clause, and in the execution of the deed, the title to her fifth did not pass by the deed.
The judgment of the district court will therefore be reversed, and the ease remanded for further proceedings.
Bartley, C. J., and Swan,. Scott, and Bowen, JJ., concurred.